CORA LINSON ET AL. V. MINNIE OLA POINDEXTER ET AL.

Decided March 31, 1904.

**Husband and Wife—Community Property.**

There being community debts at the time of the death of the wife, the husband had the right to sell community property for the purpose of paying such debts. The purchaser's title was good as against a claim for the land by the heirs of the wife, and he was not bound to see that the purchase money was applied to the payment of the community debts.

Appeal from the District Court of Leon. Tried below before Hon. J. M. Smither.

*Boyd & Edwards,* for appellants.

No briefs for appellees.

GARRETT, CHIEF JUSTICE.—Minnie Ola Poindexter joined by her husband, C. A. Poindexter, and Thos. A. Elgin, Jr., a minor, who sued by C. A. Poindexter as next friend, brought this suit as an action of trespass to try title against Cora Linson and others whose names are stated in the petition, for the recovery of one acre of land adjoining the town of Buffalo,. in Leon County. The defendants pleaded not guilty and set up valuable improvements. The cause was submitted to the court without a jury and resulted in a judgment in favor of the plaintiffs for the recovery of the lot in controversy. The plaintiffs are the children and sole heirs of Mrs. Thos. A. Elgin, the first wife of Thos. A. Elgin, who died in March, 1890. After the death of his first wife Thos. A. Elgin married again, on July 21, 1890, his present wife, Roxana E. Elgin. The land in controversy was conveyed to Thos. A. Elgin during the lifetime of his first wife, the mother of plaintiffs, by T. S. Wilson and wife by deed dated January 15, 1890, which was duly acknowledged and recorded. It was the community property of the said Thos. A. Elgin and his first wife, the mother of plaintiffs, and at the time- of her death was occupied by them as a homestead. After his second marriage the said Thos. A. Elgin and his present wife, Roxana, continued to occupy the lot as a homestead .until February 15, 1892, when they conveyed the same to A. Richardson by their deed of that date duly acknowledged and recorded. A. Richardson and his wife are both dead and the defendants are their sole heirs. At the time of the death of Thos. A. Elgin's first wife he owed community debts for lumber and merchandise and for doctor's bills and burial expenses of his wife. The consideration received by Elgin from Richardson for the lot was $60 in cash, a mule estimated at $100, and Richardson's note for $100. The note was sold to I. M. Pearlstone & Son, creditors of the community estate. There was some evidence that at the time Richardson bought he was advised not to buy the property, and that he remarked that he would not be out anything if he

got the rent for ten or twelve years. But it was not shown that he knew anything about Elgin's having had a former wife. He moved to Buffalo from Keechi station about January 1, 1901.

As survivor of the estate of himself and his deceased wife, there being community debts owing at the time of her death, Elgin had the power to sell the land in controversy for the purpose of paying such debts although the land was their homestead at the time of the wife's death. Ashe v. Yungst, 65 Texas, 631; Watts v. Miller, 76 Texas, 13. And the purchaser was not bound in his own protection to see that the purchase money was applied to the payment of the community debts, although in this instance it was shown that I. M. Pearlstone & Son, creditors of the community, purchased the note given for the lot. Sanger Bros. v. Heirs of Moody, 60 Texas, 96; Cooper v. Horner, 62 Texas, 363; Cage v. Tucker's Heirs, 37 S. W. Rep., 180. It is not necessary to pass upon the question of innocent purchaser. The plaintiffs should not have recovered the land, and the judgment of the court below will be reversed and judgment will be here rendered in favor of the defendants.

*Reversed and rendered.*